Dennis Michael Gieck
(Name)

840 Alta Road
(Address)

San Diego, CA 92719
(City, State, Zip)

K76640
(CDC Inmate No.)





# United States District Court
## Southern District of California

Dennis Michael Gieck,

(Enter full name of plaintiff in this action.)

                           Plaintiff,

   v.

R.J. Donovan, Warden;
CMO-HCM Romero, M.D.;
Walker, staff, M.D.;
RNP Jayasundara, N.P.;
Anderson, Staff M.D.,

                     Defendant(s).

'08 CV 1460 DMS JMA

Civil Case No._____

(To be supplied by Court Clerk)

Complaint under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Plaintiff, Dennis Michael

(print Plaintiff's name)

Gieck_____, who presently resides at R.J. Donovan_____

(mailing address or place of confinement)

Correctional Center_____, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at CTC - R.J.

Donovan, 840 Alta Rd, S.D. CA on (dates) 3-1-2008, 4-18-2008, and 7-25-2008.

(institution/place where violation occurred)      (Count 1)    (Count 2)    (Count 3)

§ 1983 SD Form
(Rev. 4/06)

①

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>Mr. R.J. Donovan, Warden</u> resides in <u>San Diego</u>,
         (name)                                    (County of residence)

and is employed as a <u>Warden- Superintendent</u>. This defendant is sued in
                    (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>Mr. R.J. Donovan is in a supervisory position over</u>
<u>the four below-named individuals and is aware of Plaintiff's</u>
<u>"due process rights being totally violated" (February 28 to July 9, 2008).</u>

Defendant <u>CMO-HCM Romero, M.D.</u> resides in <u>San Diego</u>,
         (name)                                (County of residence)

and is employed as a <u>Chief Medical Officer</u>. This defendant is sued in
                    (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>CMO-HCM Mr. Romero, M.D., allowed Plaintiff's</u>
<u>antibiotics to be withheld causing severe facial scarring and</u>
<u>disfiguration. Plaintiff's severe pain medications were discontinued.</u>

Defendant <u>Walker, M.D.</u> resides in <u>San Diego</u>,
         (name)                          (County of residence)

and is employed as a <u>staff physician</u>. This defendant is sued in
                    (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>Walker, M.D., is under CMO-HCM Romero's</u>
<u>control as CMO Romero is his immediate supervisor. On</u>
<u>July 25, 2008, Dr. Walker refused to help alleviate Plaintiff's pain.</u>

Defendant <u>Jayasundara, RNP</u> resides in <u>San Diego</u>,
         (name)                            (County of residence)

and is employed as a <u>Nurse Practitioner</u>. This defendant is sued in
                    (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>RNP Jayasundara discontinued both Plaintiff's</u>
<u>severe pain medications and refused to prescribe</u>
<u>antibiotics which would have prevented Plaintiff's disfigurement.</u>
<u>Plaintiff suffered horribly from spine pain and facial infection.</u>

§ 1983 SD Form
(Rev. 4/06)                          ②

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant ___Anderson, M.D.___ resides in ___San Diego___,
             (name)                                (County of residence)

and is employed as a ___Staff Physician___. This defendant is sued in
                             (defendant's position/title (if any))

his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: Defendant Anderson refused to prescribe Plaintiff Gieck antibiotics which resulted in Plaintiff being permanently and horribly disfigured; Pl. greatly suffered.

Defendant _____ resides in _____,
              (name)                                (County of residence)

and is employed as a _____. This defendant is sued in
                             (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
              (name)                                (County of residence)

and is employed as a _____. This defendant is sued in
                             (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
              (name)                                (County of residence)

and is employed as a _____. This defendant is sued in
                             (defendant's position/title (if any))

his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: <u>Due process "atypical and</u>
<u>significant hardships." "access to courts," "freedom from cruel...punishment.</u>
(E.g. right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On July 9, 2008, at approximately 10:17 a.m., it was determined by Associate Warden Sylvia Garcia and the Classification Committee in the Facility 2-6 Administrative Segregation Unit that Plaintiff Dennis Michael Gieck's *"due process rights were totally violated" from February 28, 2008, to July 9, 2008. The above absolutely reprehensible reprisal occurred in direct response to Plaintiff's lawsuits in the United States District Court: Case No. 05CV1974H(RBB)-U.S. Court of Appeals for the Ninth Circuit 07-55476; Case No. 062719 IEG (JMA); Case No. 671734L(PCL). Plaintiff was exposed to severe duress.

During the time period of March 1, 2008, to June 16, 2008, Plaintiff was repeatedly denied antibiotics for a very severe facial infection which resulted in Plaintiff Gieck being permanently disfigured from massive facial scarring. Though Plaintiff reiterated time and time again that he is a lymphoma patient, immunocompromised, and a staphylococcus aureus carrier, CMO-HCM Dr. Romero, Dr. Anderson, and numerous other physicians, cruelly and categorically disregarded Plaintiff's severe facial infection. Though the above physicians were well aware of Plaintiff's numerous hospitalizations and emergency room admissions for methicillin resistant (continued on 5)

*The right to be free from retaliatory administrative segregation. Sandin v. Conner, 515 U.S. 484 (1995). The right to access to the courts and law library. Sandin, supra. The right to access Plaintiff's U.S.D.C. and U.S.C.A. Ninth Circuit Complaints.

§ 1983 SD Form
(Rev. 2/05)

(4.)

Count 2: The following civil right has been violated: "Due process rights were (continued from page 4) totally violated from February 28, 2008, to July 9, 2008" confirmed by (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.) Associate Warden S. Garcia and the Classification Committee on July 9, 2008. Right to freedom from cruel and unusual punishment (8th Amendment).

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

staphylococcus aureus [MRSA] infections, they willfully, knowingly, maliciously and wickedly violated Plaintiff's federally protected civil rights under the *Fourteenth and Eighth Amendments.

Though multiple 602 Inmate Appeals were filed from September 2003 to September 2007 for severe infection [antibiotics] and severe pain from severe spine disease, the above-named medical doctors and nurse practitioner refused to address Plaintiff's severe infection from February 28, 2008, to June 16, 2008, which resulted in severe facial scarring and intense suffering for Plaintiff.

In addition to 602 Appeals and multiple U.S.D.C. lawsuits being filed with respect to infections and severe pain, the Medical Board of California "confirmed" antibiotic and pain pill denials on October 19, 2004, after a year-long investigation of Calipatria State Prison physicians. Because the extent of constitutional and Medical Practice Act violations were so horrifically egregious with respect to Plaintiff's antibiotics and pain medication needs, the Medical Board forwarded Plaintiff's case no. 10-2004-155123 for action against the CDCR physician's license. The Attorney General's Office disciplined the CDCR doctor with "action" and "probation" against his license. Plaintiff's Exhibit "C" 1.

Thus, CDCR physicians were "well aware" of Plaintiff's immunocompromise and (5) let MRSA destroy Plaintiff's face. Sandin v. Conner, 515 U.S. 484 (1995). Estelle v. Gamble 429 U.S. 97.

Count 3:  The following civil right has been violated: Freedom from cruel and unusual punishment (re: four pain medications denied [Aswegan]).

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 3.]

On April 18, 2008, Plaintiff's severe pain medications * Tramadol 150mg. TID and Neurontin 900mg. QID were discontinued by RNP Jayasundara. The above medications, in addition to other severe pain medications, were prescribed by state contractor CDCR pain specialist Dr. Hussein Abdulhadi [(619)326-0326] for Plaintiff's severe cervical-thoracic pain. Plaintiff's severe pain from severe spine disease has been previously verified by electromyography from Dr. Jacobo [a State contractor CDCR physician who is not a defendant], by Patricia Stillwell, Senior Investigator for the California Medical Board [(858)467-6830], Dr. David Barba, and numerous other physicians and neurologists. Please see Exhibit "C"; Pl.'s Exh. "C" 4.

Plaintiff has been using pain pills for painful cervical-thoracic stenosis since July 2002. In addition to discontinuing Plaintiff's pain pill prescriptions, RNP Jayasundara also repeatedly denied Plaintiff's antibiotic requests from March 2008 to June 2008 which resulted in severe facial scarring and horrifically preventable facial pain. Plaintiff is now severely disfigured from indifference.

By repeatedly ignoring Plaintiff's verbal and written requests, RNP Jayasundara willfully, knowingly, maliciously and evilly violated Plaintiff's federally protected civil rights. * Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285 50 L. Ed. 2d 251 (1976). Aswegan v. Bruhl, 965 F.2d 676, 667 7-78 (8th Cir 1992).

§ 1983 SD Form
(Rev. 4/06)

(6)

Count 2: The following civil right has been violated: Eighth Amendment :
(E.g., right to medical care, access to courts,
Freedom from cruel and unusual punishment.
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 2.]

On July 25, 2008, approximately three months after Plaintiff's pain pills were discontinued in UNLAWFUL administrative segregation detention for Plaintiff's U.S.D.C. and U.S.C.A. Ninth Circuit lawsuits, Plaintiff was ducated to see a Dr. Walker in the Facility 3 Medical Clinic. At that time Plaintiff explained to Defendant Dr. Walker that his pain pills had been UNLAWFULLY discontinued while Plaintiff was housed in administrative segregation due to his lawsuits.*Defendant Dr. Walker told Plaintiff that his prescriptions from Dr. Abdulhadi [not a Defendant], Dr. Bell [not a Defendant], Dr. Calvin [not a Defendant] and all other medical doctors would "NOT be refilled." Dr. Walker did NOT give any discernible reason for his irrational medical decision, nor did he give any reason for his failure to place Plaintiff back in an OHU [Outpatient Housing Unit] setting where Plaintiff's severe pain needs could be realistically addressed.[The three pain medications were denied AGAIN.]
    Plaintiff attempted to question why Dr. Walker deliberately disregarded Plaintiff's severe pain and severe pain medications; Plaintiff was extremely distraught at yet another REPRISAL by

*Aswegan v. Bruhl, 965 F.2d 676, 6677-28 (8th Cir. 1992).
Mc Guckin v. Smith (9th Cir. 1992) 974 F.2d 1050, 1060. Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285 50 L.Ed. 2d 251 (1976).

§ 1983 SD Form
(Rev 4/06)
⑦

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

<u>Count 1:</u>  The following civil right has been violated: Right to due process protections [14th Amendment]. Right to medical care. Estelle.
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts:</u>  [Include all facts you consider important to Count 1.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Defendant Dr. Walker on July 25, 2008. Dr. Walker finally told Plaintiff Gieck after the 5-minute elapsed time period that "we [Dr. Walker and Dennis Gieck] are done here." (Plaintiff then left.) Additionally Plaintiff's facial infection "needs" [antibiotics] were dismissed as frivolously inconsequential without any antibiotics being prescribed on that July 25, 2008, day. Plaintiff left with an active staphylococcus infection deeply embedded in his right cheek as horribly frustrated as he was when he filed his original Medical Board Complaint and first medical appeal in 2003. See Plaintiff's Exhibit "C" 1.

Thus *CMO Romero, Dr. Walker, RNP Jayasundara and Dr. Anderson, are all equally responsible for Plaintiff's severe facial scarring, severely medically indifferent medical treatment, and severe pain medication denials.

Mr. R.J. Donovan, Warden, is named because of the confirmed "due process rights were totally violated" Classification Committee *document and because Warden Donovan is in a supervisory position over all named **Defendants**. * Decision of July 9, 2008. [Obviously the four above-named medical doctors and nurse practitioner are entirely culpable for their actions.] *Personal participation is evidenced in all Defendants. Taylor v. List. R.J. Donovan. Palmer v. Sanderson aF.3d 1483 (9th Cir 1993)

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☑ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Martin Earle Levin, CMO-HCM, M.D.; An Minh Nguyen, M.D.
Defendants: Dennis Michael Gleck, Plaintiff

(b) Name of the court and docket number: U.S. District Court, Southern District of California ; 05-CV-1974 H (RBB)

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] It is currently being appealed in the U.S.C.A., Ninth Circuit: 07-55476.

(d) Issues raised: Deliberate indifference under the Eighth Amendment - Estelle v. Gamble.

(e) Approximate date case was filed: October 18, 2005

(f) Approximate date of disposition: October, 2007 [Case U.S.D.C. No. 05CV1974H(RBB) is now active in the U.S.C.A. for the Ninth Circuit.]
(U.S. Court of Appeals Case No. 07-55476)

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

Multiple 602 Inmate Appeals were filed with Director's level decisions (see attached administratively exhausted 602 Inmate Appeals, please). Plaintiff's Exhibit "G." Medical Board Complaint No. 10-2004-155123 confirmed violations against CDCR physician(s).

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiff: _Dennis Michael Gieck_
Defendants: _Seleaina Ann Thomas; J.R. Bellinger; Martin Eckle Levin._
(b) Name of the court and docket number: _United States District Court, Southern District of California, Case No. 062719 IEG(JMA)._
(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _The above case is still pending in U.S. District Chief Judge Gonzalez's courtroom._
(d) Issues raised: _Due process violations under Sandin V. Conner, Washington v. Harper and other reverent case law. Eighth Amendment violations under Estelle V. Gamble. Fourteenth Amendment takes precedence in the above Case No. 062719 IEG(JMA)._
(e) Approximate date case was filed: _December 2006_
(f) Approximate date of disposition: _Case No. 062719 IEG is still pending_

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

_Multiple 602 Inmate Appeals were filed and administratively exhausted with Director's Level decisions (see attached). Plaintiff's Exhibit "C." Medical Board Complaint 16-2004-155123 verified constitutional and MPA law violations. [Senior Investigator Patricia Stillwell of the San Diego Investigative Unit was the Medical Board personnel involved with Christine Montejano.]_

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Dennis Michael Gieck

Defendants: Rita Sigmond, RN.; Alberto Lopez, N.P.; S. A. Thomes, N.P.; M. Levin, M.D.

(b) Name of the court and docket number: United States District Court for the Southern District of California; docket number 07-1234 (PCL). U.S. District Judge Lorenz

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] Plaintiff asked the case be dropped due to severe duress, administrative segregation "due process violations" confirmed July 9, 2008, by A. Warden S. Garcia,

(d) Issues raised: and the classification Committee members.
Estelle v. Gamble, 8th Amendment violations.

(e) Approximate date case was filed: October 2007.
Severe duress " Voluntary dismissal " due to " due process
(f) Approximate date of disposition: violation's" confirmed July 9, 2008; dismissed without prejudice. Disposition on April 2008.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

Multiple 602 Inmate Appeals were filed and administratively exhausted with Director's level decisions [please see Plaintiff's Exhibit "C"]. On October 19, 2004, Plaintiff's Medical Board Complaint No. 10-2004-155123 confirmed constitutional and MPA law violations. Patricia Stillwell, Medical Board of California in San Diego, was the Senior Investigator.

§ 1983 SD Form
(Rev 4/06)

11.

## E. Request for Relief

Plaintiff requests that this Court grant the following relief:

      1.  An injunction preventing defendant(s): _____/_____

_____

_____

_____

      2.  Damages in the sum of $ _____.

      3.  Punitive damages in the sum of $ _____.

      4.  Other:_____

_____

## F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

## G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐  Plaintiff consents to magistrate judge jurisdiction as set forth above.
    **OR**    
☒  Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

June 27, 2008
_____
Date

_____
Signature of Plaintiff

§ 1983 SD Form
(Rev. 4/06)

7

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

      1. An injunction preventing defendant(s): _From discontinuing Plaintiff's antibiotics, pain pills and anti-hypertension medications. An injunction is also needed to repair, surgically and cosmetically, Plaintiff's horrible disfiguration [caused by the defendant(s)]_

      2. Damages in the sum of $ _OPEN_ .

      3. Punitive damages in the sum of $ _500,000_ .

      4. Other: _An injunction to protect plaintiff from more future reprisals and an injunction to see the oncologist._

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

    **OR**    ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_7-29-2008_
Date

_[signature]_
Signature of Plaintiff

§ 1983 SD Form.
(Rev. 2/05)

(12.)

RE-MAIL PROCESS IMPROPRIETIES/MAIL TAMPERING
IN THE U.S. MAIL SYSTEM

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.          Category

1. _____          1. _____          _____

2. _____          2. _____          _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME  Gleck          NUMBER K76645   ASSIGNMENT unassigned          UNIT/ROOM NUMBER F3-14-107L

A. Describe Problem: The last 2 nights my legal mail was opened. Correctional officer Pollard, my building officer processed the mail which (was) placed in the U.S. Mail System at R.J. Donovan Correctional Center. Correctional Pollard did NOT open the envelope nor did he destroy the documents. Someone else purposefully opened the "packages" illegally which

If you need more space, attach one additional sheet.   is a federal crime.

B. Action Requested: That the U.S. District Court be apprised of these improprieties. That a log number be placed on this document for the U.S. District Court. Thank you.

Inmate/Parolee Signature: _____          Date Submitted: 7-31-2008

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim          CDC Appeal Number:

LEGAL MAIL OPENED TWICE

EXHIBIT "AG" A1

*Case Gieck v. Donovan, et al (with IFP MOTION ENCLOSED.*

*To be supplied by Court Clerk*

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL
_____

I, *Dennis Gieck* (C.C.P. SEC. 446 & 2015.5: 28 U.S.C. 1746) DECLARE UNDER PENALY OF PERJURY THAT: I AM THE *Plaintiff* IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS __29__ DAY OF __July__ 2008 AT CALIPATRIA STATE PRISON, CALIPATRIA CALIFORNIA 92233-5002

(SIGNATURE) _____
DECLARANT/PRISONER

---

# PROOF OF SERVICE BY MAIL

I, *Dennis Michael Gieck* (C.C.P. SEC. 1013 (a) & 2015.5 28 U.S.C. 1746) AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA, I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON __July 29,__ 2008 IS SERVED THE FOREGOING

*Gieck v. Donovan, et al (U.S. District Court Case No.)*
*So. District of California.*

SET FORTH EXACT TITLE OF DOCUMENTS SERVED

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

*On record in the U.S.D.C.: Document Gieck v. Donovan, et al, has been opened twice by staff and the Mailroom staff returned the opened envelopes.*

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE __July 29__, 2008 _____
(DECLARANT / PRISONER)

*May the Clerk and U.S. District Judges be advised by Plaintiff of the above.*

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Dennis Michael Gieck

Warden, et al

**FILED**
AUG 1 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILING FEE PAID
Yes        No ✓
IFP MOTION FILED
Yes ✓      No
COPIES SENT NO.
Court ✓  Pro Se

**(b) COUNTY OF RESIDENCE OF FIRST LISTED   San Diego
PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Dennis Michael Gieck
PO Box 799002
San Diego, CA 92179
K-76640

ATTORNEYS (IF KNOWN)

**'08 CV 1460 DMS JMA**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**42 U.S.C. 1983**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE                    Docket Number

DATE       8/11/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Miller